**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4386**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TERRANCE D. CLARK,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  John A. Gibney, Jr., District Judge.  (3:04-cr-00056-JAG-1)

Submitted:  December 21, 2017                    Decided:  December 27, 2017

Before WILKINSON and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Geremy C. Kamens, Federal Public Defender, Caroline S. Platt, Mary Maguire, Assistant Federal Public Defender, Alexandria, Virginia, for Appellant.  Stephen Eugene Anthony, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Terrance D. Clark appeals the district court's judgment revoking his supervised release and imposing a sentence of 12 months of imprisonment. Appellate counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), concluding that there are no meritorious grounds for appeal but questioning the reasonableness of Clark's sentence. We affirm.

"A district court has broad discretion when imposing a sentence upon revocation of supervised release." *United States v. Webb*, 738 F.3d 638, 640 (4th Cir. 2013). "We will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable." *Id.* (internal quotation marks omitted). "In making this determination, we first consider whether the [revocation] sentence imposed is procedurally or substantively is unreasonable." *Id.* A revocation sentence is procedurally reasonable if the district court adequately explains the sentence after considering the policy statements in Chapter Seven of the Sentencing Guidelines and the applicable 18 U.S.C. § 3553(a) (2012) factors. *See* 18 U.S.C. § 3583(e) (2012); *see also United States v. Slappy*, 872 F.3d 202, 207-09 (4th Cir. 2017); *United States v. Thompson*, 595 F.3d 544, 546-47 (4th Cir. 2010). "And a revocation sentence is substantively reasonable if the court sufficiently states a proper basis for its conclusion that the defendant should receive the sentence imposed." *Slappy*, 872 F.3d at 207 (alteration and internal quotation marks omitted). We conclude that the district court's explanation of Clark's within-policy-statement-range sentence, in discussing the need for future deterrence in light of Clark's background and criminal history and pointing

2

out Clark's repeated noncompliance with the terms of his supervised release, easily satisfies this standard.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the judgment of the district court. This court requires that counsel inform Clark, in writing, of the right to petition the Supreme Court of the United States for further review. If Clark requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Clark.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*